BENJAMIN J. MOORE and WILLIAM S. HITCH, Administrators of NATHANIEL HEARNE, deceased, *vs.* GEORGE W. CAREY.

Sussex County, April Term, 1895.

**Judgment. Practice.**—A judgment may be kept alive, where the defendant is absent from the States by two returns of *nihil*

**Judgment. Presumption of Payment.**—If twenty years or more, are allowed to elapse without any steps being taken to revive a judgment, the jury may take that fact into consideration as tending to show that the judgment has been paid.

This was an action of *scire facias* on a judgment. It was admitted that the original judgment was obtained by the deceased against the defendant in this suit, July 1, 1863; that Nathaniel Hearne died on or about April 11, 1870, and under his last will and testament the plaintiff in this suit finally became his administrators *d. b. n. c. t. a.* That between April and October, 1868, an execution was issued upon said judgment, under and by virtue of which execution the goods and chattels of the defendant, Carey, were sold and the proceeds applied to the judgment.

*White* and *Richardson*, for the plaintiffs, offered in evidence the record of the judgment and execution and proved that the defendant had had no property in this (Sussex) county since 1868 and that he had been a non-resident of the State of Delaware since 1870.

*Bacon*, for the defendant, moved for a non-suit on the ground that this judgment, according to the evidence produced here, was twenty-five years old when this suit was brought; that by presumption of law it is paid; that the only evidence introduced here is that they could not serve a writ on a man because he was not in the State, whereas that was not the only remedy they had by law. *Bauduy vs. Bradum*, 1 Harring. 182; *Campbell vs. Carey*, 5 *id.* 427. They have not proved that the judgment was not paid, further than to 1870 by the return of this execution. From 1870 to 1893, when this writ was issued, was twenty-three years, and the judgment is paid by presumption of law.

*White* for the plaintiffs, replied. The provision referred to is under the statute of limitations strictly, and does not apply to a judgment. We are proceeding under the general principle of law that if we can show any circumstances which are admissible as evidence, we can do so to rebut this legal presumption of payment. It is not strictly a statute of limitations; it is not a statute of repose, but simply a statute of presumption, and turns upon the

question as to whether or not upon the facts and circumstances submitted, the jury can infer that the judgment has not been paid. It is a question of fact and not a statute of limitations.

MARVEL, J.: The facts that have been admitted by the attorney for the defendant, together with the evidence that all the property of the defendant in the county was sold under the execution of 1868, together with the evidence offered to show that he has had no property in the county since the sale and has been a non-resident since the year 1870, the Court think are sufficient to give the case to the jury, for them to say whether these facts are sufficient to remove the presumption of payment.

We, therefore, refuse the non-suit.

The case was submitted without argument, under the charge of the Court:

MARVEL, J., (charging the jury.)

This is an action of *scire facias* on a judgment, brought by Benjamin J. Moore and William S. Hitch, administrators of Nathaniel Hearne, deceased, against George W. Carey, to revive a judgment, which was given by confession on the first day of July, A. D. 1863. The defendant in this case pleads payment. Twenty years having elapsed since the confession of the judgment, the presumption of law is that it has been paid and it is incumbent upon the plaintiff to prove to your satisfaction, that the judgment has not been paid. To sustain that, he has offered in evidence the fact that an execution was issued at the April Term, 1868, upon which his property was sold and the proceeds applied to the judgment. In addition to that, he has offered testimony to show that since that time he has had no other property in this county, and has been since 1870 a non-resident of this State.

These facts, and all the others you have in this case, you are to weigh and say whether from them you are satisfied that the judgment has not been paid.

On the other hand, this judgment is one that has been standr ing since 1863, which was revived by the execution of 1868, since which time it seems no process has been taken to revive or keep alive the judgment. They might have proceeded during this time, to revive or keep alive the judgment, although the defendant was absent from the State, by two returns of *nihil*—that is, that he could not be found. You may take that fact into consideration— that is, their not having acted during this time—as evidence that the judgment has been paid, or they would otherwise have proceeded.

If from all the testimony in the case, as presented from the stand, and from the records offered in evidence, you find that the judgment has not been paid, then your verdict should be for the plaintiff. If you find that the judgment has been paid, then your verdict should be for the defendant.

*Verdict for the defendant.*